```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

GIORGIO VALOBRA                         CIVIL ACTION

VERSUS                                  NO. 06-3278

STATE FARM FIRE & CASUALTY CO.          SECTION "R"(4)
```

### ORDER AND REASONS

Plaintiff moves to remand this matter.  For the following reasons, the Court DENIES the plaintiff's motion.

### I.   BACKGROUND

On May 30, 2005, lightning struck Plaintiff Giorgio Valobra's residence in New Orleans, Louisiana, leaving the property uninhabitable.  Plaintiff made a claim for damages under his insurance policy with defendant State Farm, an insurance company that lacks citizenship or a principal place of business in Louisiana.  The parties in this case are thus diverse. Plaintiff filed her action in Louisiana state court, and

defendant removed it to this Court.  Plaintiff now seeks to remand this matter to state court.  Defendant opposes the motion and asserts that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties disagree as to whether the amount in controversy is satisfied under the requirements of section 1332.  *See* 28 U.S.C. § 1332 (establishing a jurisdictional minimum of $75,000).

## II.   LEGAL STANDARDS

### A.   Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995).  The Court must remand the case to state court "[i]f at any time before final judgment it appears

that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### B. Amount in Controversy

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id*.

Here, however, plaintiffs filed their complaints in Louisiana state courts, and Louisiana law does not permit them to plead a specific amount of money damages. When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F. 3d at 1335; *see also De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).  A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute supporting a finding that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.  The defendant must do more than point to a state law that might allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.  *See De Aguilar*, 47 F.3d at 1412.  Where the "facially apparent" test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal.  *Allen*, 63 F.3d at 1336.

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.  *See De Aguilar*, 47 F.3d at 1411-12.  In *De Aguilar*, the Fifth Circuit stated that absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."  47 F. 3d at 1412 (*quoting In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (emphasis added).  "The general

principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." *Id*. at 1412 n.10.  Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him.  La. Code Civ. Proc. art. 862; *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 *3 (E.D. La. 2003).  For example, in *Engstrom v. L-3 Communications Gov't Svcs., Inc.*, 2004 WL 2984329 (E.D. La. 2004), the plaintiff's state court complaint stated that "[each plaintiff] affirmatively and knowingly waives entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interests and costs, in excess of $74,999."  The court found that this waiver constituted a binding stipulation, or "judicial confession" under Louisiana law, and it held that this stipulation was sufficient to establish that plaintiffs could not recover more than the jurisdictional amount as a matter of law.  *Id*. at *5.

**III. Analysis**

   In his state court petition, plaintiff sued for breach of contract, intentional infliction of emotional stress, bad faith

claims adjusting, invasion of privacy, and "any and all other legal theories which may be found through discovery and proven at trial in this matter."  Further, Plaintiff alleges that State Farm violated La. Rev. Stat. §§ 22:658 and 22:120, which authorize the recovery of penalties and attorney's fees when insurers arbitrarily fail to pay claims on a timely basis. Plaintiff listed the following nonexclusive list of damages: replacement value for the damage masonry, electrical system, foundation, landscaping, and additional living expenses; loss of enjoyment of property; mental anguish; attorney's fees; and costs of this litigation.  Plaintiff's state court complaint did not allege a specific amount of damages, but stated generally that the damages in question do not exceed $75,000.

As discussed above, when a plaintiff pleads an indeterminate amount of damages, the burden shifts to the defendant to show either that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or to set forth facts in dispute supporting a finding that the jurisdictional amount is satisfied. Here, defendant shows that plaintiff had dwelling coverage of $208,400 and personal property coverage of $156,300.  Further, defendant submits a letter from Valobra's attorney dated February 17, 2006, that demands State Farm cover expenses arising from the lightning storm that total $111,161.48, which is the excess of

amounts tendered by State Farm.  The expenses cover living costs and construction repairs, among other items.  Plaintiff states in his opposition to the remand motion that he determined before he filed his petition that the letter does not accurately reflect the amount of his damages at the time of filing because "plaintiff determined that the current cost to repair his residence was less than originally estimated."  However, State Farm submits invoices from contractors employed by Valobra that exceed $75,000, and Valobra did not file a stipulation with her complaint waiving entitlement to damages above $75,000.

    Valobra did submit an affidavit with his motion to remand, stating that he did not seek to recover more than $75,000 in this dispute.  However, post-removal affidavits may be considered only in limited circumstances.  If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) ([w]hen the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper).  The Court finds that this post-

removal affidavit does not clarify the amount in controversy in light of its conclusory nature, the detailed information that plaintiff submitted to the defendant indicating damages of about $111,000, and plaintiff's failure to stipulate that he would not accept more than $75,000 if that amount were awarded.  Further, State Farm attests that plaintiff's affidavit notwithstanding, plaintiff has never notified State Farm that detailed amounts claimed in his February 2006 letter were in error.

Finally, the Court notes that Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim.  Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy.  *See, e.g., Poynot v. Hicks*, 2002 WL 31040174 at *3 (E.D. La. 2002).  Valobra made a claim for statutory penalties and attorney's fees under La. Rev. Stat. §§ 22:1220 and 22:658.  Under Section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious.  La. Rev. Stat. § 22:1220; *see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co.*, 67 F.3d 70, 75 (5th cir. 1995) (holding that a plaintiff must show damages arising from the breach to

recover any more than $5,000). Under section 22:658, the insurer is subject to a penalty, "*in addition to the amount of the loss*" of twenty-five percent of the amount due under the policy, or $1,000, whichever is greater, whenever it arbitrarily, capriciously, or without probable cause fails to pay within 30 days of satisfactory proof of loss. La. Rev. Stat. § 22:658 (emphasis added). Adding the value of these claims to the property damage alleged further indicates that the amount in controversy exceeds $75,000.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this <u>20th</u> day of September, 2006.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT COURT